UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN LAWRY,

        Petitioner,

v.                                              20-CV-588 (JLS)

JULIE WOLCOTT, Orleans
Superintendent,

        Respondent.
_____

## DECISION AND ORDER

*Pro se* petitioner John Lawry, an inmate at Orleans Correctional Facility ("Orleans"), petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release based on the conditions of his confinement during the COVID-19 pandemic. Dkt. 1. He also moved for a temporary restraining order and preliminary injunction that seek the same relief. Dkts. 1, 2. Respondent Julie Wolcott moved to convert the petition to one under 28 U.S.C. § 2254 and to dismiss the petition. Dkt. 6. For the following reasons, the Court grants Respondent's motion.

## BACKGROUND

### A.    Facts.

Lawry currently is in custody at Orleans, a New York State Department of Corrections and Community Supervision ("DOCCS") facility, as a result of a technical parole violation related to his nine-year sentence of imprisonment on a

2009 conviction via guilty plea in Onondaga County.  *See* Dkt. 1, at 1;[1] Dkt. 6-1, at 2 ¶ 2; Dkt. 6-2; Dkt. 6-3.  He alleges that his actual release date is less than six months away.  Dkt. 1, at 1.

Lawry claims that his "current prison conditions and confinement itself [are] counter constitutional" and violate state and national proclamations and executive orders, and seeks "[i]mmediate release and transfer[] to New York's already existing [p]ost [r]elease [s]upervision."  *See* Dkt. 1, at 1; *id.* at 5 ¶ 10; *id.* at 10 ¶ 23.  In particular, he alleges that he resides in a "barrack [s]tyle dormitory area, wide open with no cells [or] sleeping quarters, communal sleeping within less than 5 feet from one another, and is still [d]ouble [b]unked."  *See id.* at 3 ¶ 5; *see also id.* at 8-9 ¶ 20.  Entertainment occurs in close proximity to other inmates, and inmates share sinks, toilets, and showers.  *See id.* at 3 ¶ 5.  Lawry also dines communally in close proximity to others and eats food prepared by other inmates.  *See id.*  In sum, inmates are "physically unable to [s]ocial [d]istance to be safe from the risk of contagion" and are "constantly congregating 24 hours per day" because all DOCCS programs "are shut down."  *Id.* at 3 ¶ 5; *id.* at 4 ¶ 7; *see also id.* at 6 ¶ 14.

Lawry also alleges that, although "DOCCS officials are aware of [the] COVID-19 pandemic," they have "[no] effective wa[y] to protect [him] from potential fatal epidemics."  *See* Dkt. 1, at 8 ¶ 17.  He claims that staff must wear face masks but only wear masks in their supervisors' presence.  *See id.* at 3 ¶ 6.  In addition,

---

[1] Page references to Dkt. 1 are to the numbering generated by CM/ECF, which appears in the header of each page.

Lawry alleges that "[n]o one is being screened." *See id.* at 4 ¶ 7. He alleges that "DOCCS has encountered hundreds of staff who are affected [by the virus], and American prisoners have died." *See id.* at 3 ¶ 6. He does not allege that any inmates at Orleans tested positive for COVID-19. *See id.* at 9 ¶ 21.

According to Lawry, these conditions violate his substantive due process rights, his equal protection rights, and his right to be free from cruel and unusual punishment. *See* Dkt. 1, at 6 ¶ 12; *id.* at 6-7 ¶ 14; *id.* at 7 ¶ 16. He claims that his conditions of confinement are unconstitutional and that Respondent is deliberately indifferent to his serious medical needs. *See id.* at 7 ¶ 16. But Lawry does not allege that he has an underlying medical condition that puts him at greater risk of contracting COVID-19, or that would increase his risk if he were to contract the virus. *See generally* Dkt.1.

Lawry does not allege that he presented his claims to a state court and does not allege that he was unable to present his claims to a state court. *See generally* Dkt. 1.

B. **Procedural History.**

On May 12, 2020, Lawry submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody based on the conditions of his confinement at Orleans during the COVID-19 pandemic. Dkt. 1, at 11. The same day, he moved for a temporary restraining order and preliminary injunction, raising almost identical allegations and seeking the same relief. Dkts. 1, 2. On May 26, 2020, the Court ordered Respondent to file and serve an answer or a motion to

3

dismiss the petition within five days and ordered Lawry to file a reply to the response within five days of receiving it. Dkt. 4.

On June 1, 2020, Respondent moved to convert Lawry's petition to one brought under 28 U.S.C. § 2254 and to dismiss the petition. Dkt. 6. The same day, the Court restated Lawry's reply deadline and gave Lawry an opportunity to withdraw his petition in light of Respondent's motion to convert, informing him that proceeding with the petition might prevent him from filing a second Section 2254 petition that addresses other aspects of his state conviction and sentence. *See* Dkt. 7. Lawry did not submit a reply, and the time to do so has passed. Because Lawry did not withdraw his petition, the Court proceeds to decide Respondent's motions.

## DISCUSSION

Because Lawry is a *pro se* petitioner, the Court will "construe [his] pleadings liberally and interpret them 'to raise the strongest arguments they suggest.'" *See Wells v. Annucci*, No. 19-cv-3841, 2019 WL 2209226, at *1 (S.D.N.Y. May 21, 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Lawry is entitled to liberal construction of his submissions, but his *pro se* status "does not exempt [him] from compliance with the relevant rules of procedural and substantive law." *See Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (internal quotations and citations omitted).

I.    Respondent's Motion to Convert and to Dismiss.

    A. Motion to Convert the Petition from a Section 2241 Petition to a Section 2254 Petition.

Respondent moved to convert Lawry's petition, filed under Section 2241, to a Section 2254 petition because relief under Section 2241 is not available to Lawry, who is in custody under a state-court judgment of conviction. *See* Dkt. 6; Dkt. 6-5, at 3-5.[2]

There are three statutes under which an individual in custody may seek a writ of habeas corpus, two of which are relevant here. Section 2254 applies to "a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Section 2241 is worded more broadly and extends to a prisoner who, among other things, is "in custody under . . . the authority of the United States" or is "in custody in violation of the Constitution or laws . . . of the United States." *See* 28 U.S.C. §§ 2241(c)(1), (3). And Section 2255, which does not apply here, allows a "prisoner in custody under sentence of a court established by Act of Congress"—*i.e.*, a federal prisoner—to attack his sentence. *See* 28 U.S.C. § 2255(a).

The Second Circuit has addressed the difference among these provisions. A person in federal custody may petition for a writ of habeas corpus under Section 2255 or Section 2241, depending on the nature of the challenge: "a federal prisoner's challenge to the execution of a sentence is properly filed pursuant to

---

[2] Page references to Dkt. 6-5 are to the numbering generated by CM/ECF, which appears in the header of each page.

[Section] 2241, rather than Section 2255, because Section 2255 allows a federal prisoner to challenge only the legality of the original imposition of a sentence." *See James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) (citing *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997)). By contrast, Section 2254 "permits a state prisoner to file a habeas petition 'on the ground that he is in custody in violation of the Constitution or laws . . . of the United States.'" *Id.* at 166-67 (quoting 28 U.S.C. § 2254(a)). In other words, a "claim that one is 'in custody' in violation of federal laws [under Section 2254] is broader than a claim that the imposition of one's sentence is illegal." *Id.* at 167.

The "plain language of the pertinent statutes indicates . . . that a federal prisoner may challenge the imposition, but not the execution, of a sentence under Section 2255, while a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254." *James*, 308 F.3d at 167. As a result, a state prisoner's "petition claiming improper execution of his sentence [is] properly brought under Section 2254." *Id.*

The Second Circuit later expanded on this analysis when it considered a parole revocation challenge, concluding that "a state prisoner challenging his or her parole revocation must file under section 2254." *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 275 (2d Cir. 2003). Comparing a person in custody on a state judgment to one in custody on a federal judgment, the court explained that a state prisoner "not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence . . . under section 2254." *See id.* at

278.  Section 2241 is "unavailable" to such a petitioner.  *See id.*  Stated otherwise, "Section 2241 is not an independent and separate avenue of relief but is to be read in conjunction with the requirements of [Section] 2254, which are 'a limitation on the general grant of jurisdiction conferred in section 2241 that applies to cases involving prisoners subject to state court judgments.'"  *Torres v. Cronin*, No. 19-cv-6462, 2019 WL 6001000, at *1 (W.D.N.Y. Nov. 14, 2019) (quoting *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006)).

Lawry is in state custody for a parole violation on a sentence for a state conviction and judgment.  *See* Dkt. 1, at 1; Dkt. 6-1, at 2 ¶ 2; Dkt. 6-2; Dkt. 6-3.  He alleges that his confinement at Orleans during the COVID-19 pandemic violates his federal due process rights and equal protection rights, subjects him to cruel and unusual punishment, and deprives him of adequate medical care.  *See* Dkt. 1, at 6 ¶¶ 12, 14; *id.* at 7 ¶ 16.  In other words, Lawry claims that his custody in execution of his sentence violates his rights under the United States Constitution.  As such, his petition falls within the purview of Section 2254.[3]

The Court is not bound by Lawry's choice to frame his petition under Section 2241 and, after considering the substance of his allegations, must convert the

---

[3] The Second Circuit has interpreted prison condition claims as comprising challenges to execution of a sentence in the context of federal prisoners. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("This court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, 'including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and prison conditions.'" (citation omitted)).  There is no reason to conclude differently in the context of a state prisoner's prison conditions-based claim under Section 2254.

petition to one filed pursuant to Section 2254.[4] *See Cook*, 321 F.3d at 277 ("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead."); *Torres*, 2019 WL 6001000, at *2 (concluding that petitioner was limited to relief under Section 2254, noting that petitioner's framing under Section 2241 was not dispositive, and converting to a Section 2254 petition).

For these reasons, the Court grants Respondent's motion to convert Lawry's petition to one raised under 28 U.S.C. § 2254.[5]

---

[4] The Court recognizes that district courts across the country have treated state prisoners' COVID-19-related habeas petitions differently. *Compare Makin v. Wainwright*, No. 20-cv-912, 2020 WL 2085141, at *1 (N.D. Ohio Apr. 30, 2020) (holding that state prisoner's habeas petition "was not properly brought under [Section] 2241" and that Section 2254 was the proper provision), *and Money v. Pritzker*, No. 20-cv-2093, 2020 WL 1820660, at *2 (N.D. Ill. Apr. 10, 2020) (examining petition for "writs of habeas corpus under 28 U.S.C. § 2254 for relief from custody in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution"), *with McPherson v. Lamont*, No. 3:20-cv-534 (JBA), 2020 WL 2198279, at *5 & n.3 (D. Conn. May 6, 2020) (holding that Section 2241 was the proper provision for sentenced and pre-trial prisoners in state custody based on Second Circuit cases, *Roccisano v. Menifee*, 293 F.3d 51 (2d Cir. 2002), and *Adams v. United States*, 372 F.3d 132 (2d Cir. 2004), which involved *federal* prisoners' habeas claims). The Court has considered these decisions, but bases its analysis on the Second Circuit authority cited above.

[5] For the reasons discussed in *Llewellyn v. Wolcott*, No. 20-cv-498, 2020 WL 2525770, at *4 (W.D.N.Y. May 18, 2020), 42 U.S.C. § 1983 is not the proper procedural mechanism for Lawry to seek release from Orleans based on the conditions of his confinement.

B.     Motion to Dismiss the Petition.

Respondent argues that the Court must dismiss Lawry's petition because: (1) habeas relief is not available for a conditions of confinement claim; and (2) Lawry failed to exhaust available state remedies. See Dkt. 6-5, at 6-10.

In particular, a sentenced state prisoner who, like Lawry, claims he is in state custody in violation of federal law may seek relief from a federal court by petitioning for a writ of habeas corpus under 28 U.S.C. § 2254(a). Section 2254 requires a petitioner to show that he "exhausted the remedies available in the courts of the State" before a federal court will consider his request for relief. *See* 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). To exhaust state remedies, a petitioner must "fairly present federal claims to the state courts . . . to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *McCray v. New York*, 573 F. App'x 22, 23 (2d Cir. 2014) (quoting *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011)). A petitioner exhausts if he "presented [his] constitutional claim to the highest state court from which a decision can be obtained." *Lewis v. Bennett*, 328 F. Supp. 2d 396, 403 (W.D.N.Y. 2004) (citing *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000)).

There are several ways a petitioner may exhaust his claims. As relevant to Lawry's petition, where the claim for relief is not based on the trial court record, a petitioner may exhaust the claim by raising it to the state trial court in a collateral post-conviction motion, such as a motion under New York Criminal Procedure Law

§ 440. *See Elleby v. Smith*, No. 20-cv-2935, 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020). Or a petitioner may petition the trial court or appropriate Appellate Division for a writ of habeas corpus and seek review of any decision denying the petition. *Id.*[6] Even when a petitioner challenges the execution, rather than validity, of his sentence under Section 2254, he "is still required to exhaust all of his state court remedies before filing a habeas petition in [federal] court, and . . . bears the burden of establishing that [he] has met this requirement." *Rapeika v. Administrator of Northern State Prison*, No. 20-cv-5358, 2020 WL 2092790, at *1 (D.N.J. May 1, 2020).

Respondent searched for, but did not locate, filings or evidence that Lawry sought relief for his claims in a state court. *See* Dkt. 6-1, at 3 ¶ 6. And Lawry did not provide any evidence that he exhausted his claims in state court. *See generally* Dkts. 1, 2. Because Lawry did not establish that he exhausted his claims, the Court next considers whether he may be excused from exhausting.

Section 2254 provides two narrow exceptions to its exhaustion requirement. A federal court may grant a petitioner's unexhausted petition for habeas relief if: (1) "there is an absence of State corrective process"; or (2) "circumstances exist that render [the State corrective process] ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). In other words, a petitioner need not

---

[6] Where a petitioner's claim is based on the trial court record—which is not the case for Lawry's petition—a petitioner may exhaust by filing a direct appeal to the relevant Appellate Division and, if relief is denied, seeking leave to appeal to the New York Court of Appeals. *See Elleby*, 2020 WL 2611921, at *3.

exhaust his claims when "there is no further state proceeding for petitioner to pursue" or where such pursuit "would be futile." *See Elleby*, 2020 WL 2611921, at *4 (quoting *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000)).

Neither exception applies here. State court proceedings were available to Lawry when he submitted his petition on May 12, 2020, and they remain available now. *See Elleby*, 2020 WL 2611921, at *4; Dkt. 1, at 11. Even on March 22, 2020, New York state courts' limitations on filings did not apply to "emergency applications related to the coronavirus." *See* Dkt. 6-1, at 3 ¶ 7; Dkt. 6-4. Indeed, New York state courts have received, and resolved, claims and petitions seeking release from state custody in connection with the COVID-19 pandemic. *See, e.g.*, *People ex rel. Squirrell v. Langley*, No. 500451/2020, 2020 WL 2736623 (Sup. Ct. Putnam Cty. May 25, 2020) (dismissing habeas corpus petitions by inmates seeking release during the COVID-19 pandemic where the court, after thoroughly examining the measures taken by the sheriff and other officials, concluded there was no violation of petitioners' due process or Eighth Amendment rights); *People ex rel. Stoughton v. Brann*, No. 451078/2020, 2020 WL 1679209 (Sup. Ct. N.Y. Cty. Apr. 6, 2020) (ordering release of 18 "at-risk" prisoners in a due process challenge by 32 petitioners detained at Rikers Island); *People ex rel. Gregor v. Reynolds*, No. CV20-150, 2020 WL 1910116 (Sup. Ct. Essex Cty. Apr. 17, 2020) (concluding, where several inmates detained pending parole violation proceedings filed Article 70 petitions for release, that sheriff's failure to take adequate protective measures violated the due process rights of an inmate who was vulnerable to COVID-19).

Any claim that state courts are unavailable, "without any . . . factual or legal allegations to support [that] claim, is inadequate to show that there [was or] is no available process in the state courts." *See Rapeika*, 2020 WL 2092790, at *2. Courts may excuse petitioners from exhausting their claims when "relief is truly unavailable," but excusing exhaustion here, where state courts are available, "would turn the habeas system upside down." *See Money*, 2020 WL 1820660, at *22. For the same reasons, Lawry did not demonstrate that pursuing his request for release in state court is or would have been futile. *See Elleby*, 2020 WL 2611921, at *4.

Other courts have reached similar conclusions when faced with habeas petitions seeking release from state custody based on the COVID-19 pandemic. *See Griffin v. Cook*, No. 3:20-cv-589 (JAM), 2020 WL 2735886, at *5 (D. Conn. May 26, 2020) (collecting cases); *Elleby*, 2020 WL 2611921, at *5.

Requiring exhaustion of Lawry's claims in state court affords "the state court[] . . . the first opportunity to review [his] claim[s] and provide any necessary relief." *See O'Sullivan*, 526 U.S. at 844; *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982) ("[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act."). Exhaustion also ensures that, if Lawry's petition ends up back in federal court, it will "be accompanied by a complete factual record to aid [the Court] in [its] review." *See Rose*, 455 U.S. at 519. A full factual record is particularly important here, in light of the "rapidly changing conditions in prison and the evolving steps that

12

prisons are taking to meet the unprecedented challenges presented by the pandemic." *See Elleby*, 2020 WL 2611921, at *5.

Because Lawry did not exhaust his habeas claims in state court and did not demonstrate either that state courts were or are unavailable to him or that exhaustion is futile,[7] the Court dismisses his petition without prejudice.[8]  Lawry may present his claims to a state court.

## II. Lawry's Motion for a Temporary Restraining Order and Preliminary Injunction.

Along with his petition, Lawry moved for a temporary restraining order and preliminary injunction based on the unconstitutional conditions of his confinement at Orleans.  *See* Dkt. 1, at 24 ¶ 10; *id.* at 25 ¶ 13; *id.* at 26-27 ¶ 16.  His allegations in support of a temporary restraining order and preliminary injunction mirror his allegations in support of habeas relief.  *Compare* Dkt. 1, at 1-10, *with* Dkt. 1, at 20-

---

[7] Alternatively, Respondent argues that the Court must dismiss Lawry's petition because Lawry may not assert a conditions of confinement claim in a Section 2254 petition.  *See* Dkt. 6-5, at 6-7.  Because the Court dismisses Lawry's petition for failure to exhaust, it need not reach this alternative argument.

[8] The Court notes that Lawry would have been required to exhaust his claims in state court if the Court had denied Respondent's motion to convert the petition and had analyzed Lawry's claims under 28 U.S.C. § 2241.  *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632-35 (2d Cir. 2001) (citing the "requirement of administrative exhaustion as spelled out in . . . decisional law" that applies to Section 2241 petitions and declining to excuse petitioner's failure to exhaust); *Razzoli v. Strada*, No. 10-cv-4802, 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013) (explaining that "[b]efore seeking habeas relief under § 2241, . . . prisoners must exhaust any available administrative remedies, or else justify the failure to exhaust these remedies," and holding that petitioner was "not excused from his duty to exhaust administrative remedies").

30. Because the temporary restraining order and preliminary injunction seek the same relief—"immediate release" from Orleans—as the petition, the Court denies Lawry's motion for the reasons discussed above in Section I.B. *See* Dkt. 1, at 10 ¶ 23; *id.* at 30; *Holloway v. Wolcott*, No. 20-cv-6329, 2020 WL 3172772, at *3 (W.D.N.Y. June 15, 2020) (denying motion for temporary restraining order and preliminary injunction where it "appear[ed] Petitioner's claims, construed under Section 2254, [were] unexhausted"); *see also WarnerVision Entm't Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996) ("The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief [he] seeks.").

## CONCLUSION

For the reasons stated above, the Court:

GRANTS Respondent's motion (Dkt. 6) to: (1) convert Lawry's petition, filed under 28 U.S.C. § 2241, to one filed under 28 U.S.C. § 2254; and (2) dismiss Lawry's petition for failure to exhaust; and

DENIES Lawry's motion for a temporary restraining order and preliminary injunction (Dkt. 2).

In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that Lawry did not make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), and, accordingly, DENIES a certificate of appealability.

The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and, therefore, DENIES leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).

Lawry must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of Court shall update the docket in this case to reflect that Lawry's petition (Dkt. 1) was filed pursuant to 28 U.S.C. § 2254 and shall close this case. The Clerk of Court also shall mail Lawry a copy of this decision and order.

SO ORDERED.

Dated:   July 15, 2020
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE